**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ODERI Y. CALDWELL, | 1:17-cv-06821-NLH-AMD |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER** |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

**APPEARANCES**:

ODERI Y. CALDWELL
451606/662149C
TALBOT HALL
100-140 LINCOLN HIGHWAY
KEARNY, NJ 07032
    Appearing pro se

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Oderi Caldwell, who is proceeding pro se and incarcerated, filed a complaint against numerous parties alleging numerous constitutional and state law violations, including free speech violations, unlawful search, right to fresh air and sunshine, right to happiness, right to access to the courts, and right to participate in the law library[1]; and

    WHEREAS, when Plaintiff filed his complaint, he sought to proceed without prepayment of fees ("in forma pauperis" or "IFP"

---

[1] Plaintiff has brought claims under 42 U.S.C. § 1983 and New Jersey law, and pleads that this Court has jurisdiction over his federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over his state law claims under 28 U.S.C. § 1367.

application) pursuant to 28 U.S.C. § 1915(a)(1), which permits a court to allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

WHEREAS, the Court granted Plaintiff's IFP application (Docket No. 3), but the Court directed that summons would not be issued because the screening process had not been completed, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (requiring a federal court when considering an IFP application to dismiss an action sua sponte if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards); and

WHEREAS, in addition to his complaint and IFP application, Plaintiff filed a motion for an ex-parte temporary restraining order (TRO) under Fed. R. Civ. P. 65(b)(1), which provides, "The court may issue a temporary restraining order without written or oral notice to the adverse party . . . ."; and

WHEREAS, Plaintiff seeks a TRO to prevent the South Woods State Prison from closing the law library in the Full Minimum Unit, and requests that this TRO remain in effect until the resolution of his case; and

WHEREAS, Plaintiff claims that he was barred from access to the library on September 2, 2017 because he and others were not on the "list" and the "scheduling practice" of the SWSP was to limit the number of inmates in the library due to "custodial

2

issues"; and

WHEREAS, the Court must deny Plaintiff's request for an ex-parte TRO for three reasons:

(1) Plaintiff has been transferred out of SWSP, and his request for injunctive relief against SWSP to provide him access to the law library is therefore moot (see Docket No. 10 and 12); and

(2) Even if it were not moot, the allegations in Plaintiff's TRO motion and his complaint, while pending screening but still considered by the Court in assessing his request for a TRO, do not establish he would be successful on his law library access claim. The right to access to the courts is fundamental and requires prison authorities "to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). Inmates have "a right of access to the courts, not to a law library or to legal assistance," however, Mitchell v. Wydra, 377 F. App'x 143, 144 (3d Cir. 2010), and in order to establish that Defendants violated Plaintiff's right to access, Plaintiff must demonstrate that: "(1) he suffered an actual injury (i.e., that he lost an opportunity to pursue a nonfrivolous claim); and (2) he has no other remedy . . . that can possibly compensate for the lost

claim," Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). The lack of access to the library on one occasion, or even on several occasions, without any allegations that he lost access to the Court is fatal to Plaintiff's request for a TRO on his law library access claim. See, e.g., Stilton v. Albino, 2010 WL 4916103, at *6 (D.N.J. 2010) (finding that the plaintiff did not state a viable access-to-court violation claim when he was not permitted to go to the law library from January 21, 2010 through February 1, 2010); Barnes v. Fauver, 1993 WL 232320, at *6 (D.N.J. 1993) (finding that the plaintiff's monthly two-hour visits to the law library were adequate to satisfy the Bounds requirement); and

(3) It appears that since Plaintiff filed his TRO, his access to the Court has not been chilled by any limitations on his time in the prison law library, as evidenced by his numerous filings since the filing of his motion for a TRO (see Docket No. 4, 7, 8, 9, 10, 11, 12); see also Niblack v. Hall, 2010 WL 5071348, at *5 (D.N.J. 2010) ("[Plaintiff] does not allege that he was unable to file this or any other complaint in the courts, and in fact, he has not been limited in filing the instant action . . . . He also does not allege that any of his court cases were dismissed because he did not have timely access to the courts. In short, Niblack fails to articulate how the alleged denial of access to the law library has hindered his

efforts to [] pursue this claim. . . .");

THEREFORE,

IT IS on this  12th   day of   April  , 2018

ORDERED that Plaintiff's MOTION for Temporary Restraining Order [5] be, and the same hereby is, DENIED.


At Camden, New Jersey
                    s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.